UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINEAR TECHNOLOGY CORP., | No. C-94-1633 MHP |
| Plaintiff, | **MEMORANDUM & ORDER**<br>**Re: Motion to Amend** |
| vs. | |
| MICREL, INC. | |
| Defendant. | |

On May 9, 1994, plaintiff Linear Technology Corp. ("LTC" or "Linear") brought this action against defendant Micrel, Inc. ("Micrel") alleging infringement of United States Patent Number 4,755,741 and the accompanying reexamination certificates (the "'741 patent"). The court conducted a bench trial in November of 2005 and on June 9, 2006 the court entered its Findings of Fact and Conclusions of Law, Docket Entry No. 378 ("Findings of Fact") and its Judgment, Docket Entry No. 379 ("Judgment"). In its Findings of Fact, the court held that Micrel's accused products literally infringed the '741 patent and that LTC was entitled to a reasonable royalty of $289,323 which, on account of a determination that Micrel's infringement was willful, was trebled to $867,970.70. Specifically, the court stated that:

544. Consistent with the foregoing, using a rate of 4.0%, LTC is entitled to a total reasonable royalty of $289,323. Taking into account Micrel's willful infringement, the court awards LTC enhanced damages of $867,970.00.

545. In accordance with Section XI *infra*, the court awards prejudgment interest at the current T-Bill rate of 5.0% compounded annually from December 27, 1995 until the date of this court's judgment. LTC is directed to submit prejudgment interest rate calculations within ten (10) days of this order.

1

Findings of Fact ¶¶ 544, 545.  On June 19, 2006  Brian Dragun, plaintiff's damages expert, submitted prejudgment calculations based on the reasonable royalty award of $289,323, in accordance with the court's direction.  Now before the court is Micrel's motion to amend the Findings of Fact and the court's Judgment as well as Micrel's challenge to LTC's prejudgment interest calculations.

I.  Damages Calculation

The court has discretion to amend its findings pursuant to Federal Rules of Civil Procedure 52(b) and 59(e).  Defendant contends, and plaintiff does not dispute, that the court in its June 9, 2006 order mistakenly included all sales of the accused products during 1995, as opposed to only including sales following December 26, 1995—when the B2 Reexamination Certificate issued.  It is clear that the sum of infringing sales from December 27, 1995 until March 31, 2005 is 7,049,790.81 rather than $7,323,089.19.  See Def.'s Exhs, A-141, A-1012, A-140.  Thus, the court grants Micrel's motion to amend ¶¶ 460, 544 of the June 9, 2006 Findings of Fact and ¶ 2 of the court's Judgment to (1) reduce Micrel's revenue from $7,323,089.19 to 7,049,790.81, and (2) to reduce LTC's enhanced damages from $867,970.70 to $845,974.89.

II.  Prejudgment Interest

According to plaintiff's damages expert, Brian Dragun, the prejudgment interest owed to LTC is $192,391.93, resulting in a total award of $1,060,362.63 plus post-judgment interest. Defendant disputes these prejudgment interest calculations, asserting that (1) Dragun's calculations are erroneous since they are based on an inaccurate calculation of reasonable royalty, and (2) Dragun's methodology assumes that all of Micrel's infringing sales were made in one lump sum on December 27, 1995 as opposed to as a percentage of total sales over the entire infringement period. See Elsten Dec. ¶¶ 4–8.  Specifically, defendant contends that plaintiff compounded interest on all royalty payments for the entire infringement period—approximately 10 years—as opposed to using the "accrual method" which compounds interest on royalties due in the first year for one year,

2

compounds interest on royalties due in the second year by two years, and so forth. See id. ¶ 14, Exhs. 1.1, 1.2.

In their opposition to defendant's motion, LTC erroneously contends that this court awarded a "lump sum" royalty in its Findings of Fact. According to LTC, the fact that (1) the court calculated reasonable royalty by using a 4% royalty rate on the "net present value," (2) the court used the phrase "sum of 289,323," see Judgment ¶ 2, and (3) the court awarded a single interest rate of 5% to calculate prejudgment interest, are all consistent with a lump sum royalty. However, contrary to plaintiff's assertion, it is clear that this court's reasonable royalty award was not a lump sum. The court found that LTC was entitled to a 4% royalty rate of the actual revenues earned by Micrel during the period of infringement. As noted by defendant, a lump sum royalty award is not based upon actual revenues earned or the actual period of infringement—factors used by this court in determining a reasonable royalty award. The Federal Circuit has held that "damages [that are] premised on a lump sum royalty are based on an infringer's *expected* sales." Interactive Pictures Corp. v. Infinitive Pictures, Inc., 274 F.3d 1371, 1384 (Fed. Cir. 2001)(emphasis added). During the November bench trial, no evidence of projected sales at the time of the hypothetical negotiation was proffered. Indeed, LTC itself concedes that "[d]uring trial, [its damages expert] Mr. Dragun calculated prejudgment interest using the accrual method based on the assumption of accrued rather than lump sum, royalties." Pl.'s Opp. at 4 n.1.

Additionally, LTC's contends that the court provides no direction as to how to calculate prejudgment interest and thus any uncertainty should be construed against the willful infringer.[1] However, the Federal Circuit has expressly held that "prejudgment interest can only be applied to the primary or actual damage portion and not to the punitive or enhanced portion of a damage award." Beatrice Foods Co. v. New England Printing, 923 F.2d 1576, 1580 (Fed. Cir. 1991). This is because the "purpose of prejudgment interest is [not to punish the infringer but] to ensure that the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement." Id. Thus, LTC's attempt to have this court "punish" Micrel with the use of a prejudgment interest methodology that would award them an additional $114,155.02 in

3

damages is unpersuasive.

Consequently, the court rejects LTC's calculations based on a presumed "lump sum" reasonable royalty award and adopts the "accrual" methodology for calculating prejudgment interest proposed by defendant's expert, Cate Elsten. The prejudgment interest on LTC's damages is $73,361.75. The total sum of damages is $919,336.64, plus post-judgment interest at the rate of 5.0%.[2]

CONCLUSION

Micrel's motion to amend the court's findings and judgments and its opposition to LTC's calculation of interests is GRANTED.

IT IS SO ORDERED.

Date:   July 27, 2006

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California

4

**ENDNOTES**

1.  In support of this argument, LTC misquotes the court in <u>Telemac Corp. v. US/Intelicom Inc.</u>, 185 F. Supp. 2d 1084 (N.D. Cal. 2001) (Wilken, J.) when it states that the court held that "[a]ny uncertainty in calculating *prejudgment interest* should be resolved against the willful infringer . . . ." LTC's Opp. at 4:7–8 (emphasis added).  The <u>Telemac</u> court rather stated that "[a]ny uncertainty in calculating a *damages* award is to be resolved against the infringer." 185 F. Supp. 2d at 1100 (quoting <u>Sensonics, Inc. v. Aerosonic Corp.</u>, 81 F.3d 1566, 1572 (Fed. Cir. 1996)) (emphasis added).

2.  Micrel's objections to LTC's Bill of Costs is overruled.

5